**KENTUCKY BAR ASSOCIATION,**
**CLE Commission, Movant,**

v.

**Adam Boyd BLEILE, Respondent.**

**No. 2002–SC–0359–KB.**

Supreme Court of Kentucky.

June 13, 2002.

## OPINION AND ORDER

On April 8, 2002, this Court issued a Show Cause Order against Respondent, Adam Boyd Bleile, to show why he should not be suspended from the practice of law for failure to comply with the New Lawyer Skills Program requirements as set forth in SCR 3.652. SCR 3.652(5) requires Kentucky State Bar Association members to complete the New Lawyer Skills Program within twelve (12) months following the date of their admission. Bleile was admitted to the practice of law in Kentucky on July 28, 2000, but did not complete and certify the New Lawyer Skills Program until April 4–5, 2002, a lapse of more than twenty (20) months past his deadline to complete the requirement.

Bleile responds that he completed the New Lawyer Skills Program requirement shortly after Mr. Lewis Payne from the Kentucky Bar Association informed him of his deficiency. Bleile states that he believed he had attended the New Lawyer Skills Program in Covington, Kentucky, but did not apply for proper credit because he practices exclusively in Ohio and the Ohio Bar Association allows a two-year grace period for CLE credits. According to Bleile, the time requirement begins to run and the lawyer loses the grace period when he/she applies for CLE credit. Bleile does not contest the fact that he is in non-compliance with the New Lawyer Skills Program requirement. He also acknowledges that he disregarded a prior deficiency notice, but he asks for leniency on the grounds that he has been "going through a painful divorce," has been terminated from his job, and only recently has decided to practice law again.

In reply, the Kentucky Bar Association's Continuing Legal Education Commission states that the New Lawyer Skills Program registration lists for Covington, Kentucky, do not have Bleile listed in either of the past two programs which occurred in that location (March 22, 2001 and May 27, 1999). In addition, Bleile failed to request an extension under SCR 3.652(8) due to "hardship or other good cause clearly warranting relief." Further, although Bleile certified to the Court that he had served a copy of his Response upon Janis E. Clark through U.S. Mail on April 25, 2002, the CLE Commission states that it was only able to acquire a copy of Bleile's Response after a request to the Court.

In its reply to Bleile's pleading, the CLE Commission moves the court to find that Bleile has not shown cause why he should not be suspended from the practice

of law or otherwise sanctioned pursuant to 3.652(9). In lieu of a suspension, the CLE Commission requests the Court fine Bleile $250 for his failure to attend and certify his completion of the New Lawyer Skills Program.

We find that Bleile has not shown cause why he should not be suspended from the practice of law or otherwise sanctioned. However, we adopt the CLE Commission's recommendation for a fine in lieu of suspension. Accordingly, we enter the following Order:

Bleile shall pay a fine of $250.00 for non-compliance with the CLE requirements of SCR 3.652(5) for the 2000–2001 educational year, to be paid to the Kentucky Bar Association within thirty (30) days of the date of this order, for which execution may issue upon expiration of said thirty (30) days.

LAMBERT, C.J., COOPER, JOHNSTONE, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

GRAVES, J., would refer this matter to Bar Counsel's Office to determine the accuracy of Bleile's representations.

Entered: June 13, 2002.

/s/ Joseph E. Lambert
　　Chief Justice